# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE RIZZO,<br><br>        Plaintiff,<br><br>    v.<br><br>M. DIAZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-180-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION THAT THE INSTANT ACTION BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE BY 12/27/10 |

    Plaintiff Pierre Rizzo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 29, 2010, the Court granted Plaintiff leave to amend his complaint. (ECF No. 11.) When Plaintiff failed to meet the Court's deadline, Plaintiff was ordered to show cause as to why his case should not be dismissed for failure to prosecute and/or obey a court order. (ECF No. 17.) On September 7, 2010, the Court's Show Cause Order was returned as undeliverable based on Plaintiff's refusal to accept the mail.

    Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Plaintiff's mail was returned

1 and Plaintiff has not notified the Court of a new address or of a willingness to accept mail
2 at the current address.

3 Moreover, Local Rule 11-110 provides that "failure of counsel or of a party to comply
4 with these Local Rules or with any order of the Court may be grounds for the imposition by
5 the Court of any and all sanctions . . . within the inherent power of the Court."  District
6 courts have the inherent power to control their dockets and "in the exercise of that power,
7 they may impose sanctions including, where appropriate . . . dismissal of a case."
8 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an
9 action, with prejudice, based on a party's failure to prosecute an action, failure to obey a
10 court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52,
11 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963
12 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
13 amendment of complaint).  In this case, Plaintiff has failed to file an amended complaint.
14 Accordingly, there is no operative pleading.

15 In determining whether to dismiss an action for lack of prosecution, the Court must
16 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)
17 the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
18 public policy favoring disposition of cases on their merits; and (5) the availability of less
19 drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v.
20 King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in
21 expeditiously resolving this litigation and the Court's interest in managing the docket weigh
22 in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting
23 Plaintiff's amended complaint.  The third factor, risk of prejudice to the defendants, also
24 weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
25 unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524
26 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their
27 merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
28 given the Court's inability to communicate with Plaintiff based on Plaintiff's refusal to

accept Court orders through the mail, no lesser sanction is feasible.

Accordingly, the undersigned hereby RECOMMENDS that the instant action be dismissed without prejudice for failure to prosecute and/or obey a Court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 26, 2010          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE